Judge Lane
stated the case and delivered the opinion of the court:
The bill makes the following case: The defendant, Kinner, so *536 licited complainant to unite in purchasing of Poultney and another a tract of land situate in the Pickaway Plains — Kinner to purchase the whole tract, and complainant to have eighteen acres at the average price per acre. Kinner purchased at twenty dollars per acre, payable upon terms of credit. There was some obscurity over the vendor’s title, and by the agreement no payment was to be made until that was removed. Whilst this was unsettled, Pollard, upon request of Kinner, advanced to him forty dollars, in contemplation of its being ultimately credited as payment on the land. Kinner finally was invested with complete title, and Pollard brought his bill to have a decree for the land upon making payment. The advance of the forty dollars was the only allegation of part execution, and there was no written memorandum of the agreement. The defendant interposed a plea of the statute of frauds.
Olds and Green, for complainants.
Per Curiam. We have settled this point, at this term, in the case of Stites v. Keller and Skinner, ante, 483. The mere payment of purchase money is not a part execution that takes the case out of the statute. The bill must be dismissed.